1  David Simantob, SBN 155790
       Email:  David.Simantob@wilsonelser.com
2  Paul S. White, SBN 146989
       Email:  Paul.White@wilsonelser.com
3  Shannon L. Santos, SBN 260112
       Email:  Shannon.Santos@wilsonelser.com
4  **WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
5  555 South Flower Street, Suite 2900
   Los Angeles, CA 90071-2407
6  Telephone:  213.443.5100
   Facsimile:  213.443.5101
7
8  *Attorneys for Defendants The Hartford Financial Services Group, Inc.
   (erroneously sued as Hartford Financial Services Group, Inc.),
9  Hartford Fire Insurance Company (erroneously sued as Hartford Fire
   Insurance Co., Inc.), Hartford Underwriters Insurance Company,
10 Sentinel Insurance Company, Ltd., Hartford Accident & Indemnity
   Company, Property/Casualty Insurance Company of Hartford, and
11 Hartford Insurance Company of the Midwest (erroneously sued as
   Hartford Insurance Company of Midwest, Inc.)*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| HORIZON PERSONNEL SERVICES, INC., a California Corporation; STAFFCHEX, INC., a California Corporation; STAY SAFE STAFFING, INC., a California Corporation; and STAFFCHEX MANAGEMENT, INC., a California Corporation,<br><br>           Plaintiffs,<br><br>     vs.<br><br>HARTFORD FINANCIAL SERVICES GROUP, INC., a Connecticut Corporation; HARTFORD FIRE INSURANCE CO., INC., a Connecticut Corporation; HARTFORD UNDERWRITERS INSURANCE COMPANY, a Connecticut Corporation; SENTINEL INSURANCE COMPANY, LTD.; a Connecticut Corporation; HARTFORD  ACCIDENT & | Case No.   8:21-cv-2005<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION (28 U.S.C. § 1441(b))**<br><br>Action Filed:  November 2, 2021<br>Trial Date:     Not yet set |

| | |
|---|---|
| 1 | INDEMNITY COMPANY, a Connecticut Corporation; |
| 2 | PROPERTY/CASUALTY INSURANCE COMPANY OF |
| 3 | HARTFORD, a Connecticut Corporation; HARTFORD |
| 4 | INSURANCE COMPANY OF MIDWEST, INC., an Indiana |
| 5 | Corporation and DOES 1 through 50, |
| 6 | Defendants. |
| 7 | |

8  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

9  PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(a), 1441(a), (b), and 1446, Defendants The Hartford Financial Services Group, Inc. (erroneously sued as Hartford Financial Services Group, Inc.) ("Hartford Financial"), Hartford Fire Insurance Company (erroneously sued as Hartford Fire Insurance Co., Inc.) ("Hartford Fire"), Hartford Underwriters Insurance Company ("Hartford Underwriters"), Sentinel Insurance Company, Ltd. ("Sentinel"), Hartford Accident & Indemnity Company ("Hartford Accident"), Property/Casualty Insurance Company of Hartford ("Property/Casualty"), and Hartford Insurance Company of the Midwest (erroneously sued as Hartford Insurance Company of Midwest, Inc.) ("Hartford Midwest") (collectively "Defendants") hereby remove this action from the Superior Court of California, Orange County, to this Court based on diversity jurisdiction. In that regard, Defendants allege as follows:

1. On November 2, 2021, Plaintiffs Horizon Personnel Services, Inc. ("Horizon Personnel"), Staffchex, Inc. ("Staffchex"), Stay Safe Staffing, Inc. ("Stay Safe"), and Staffchex Management, Inc. ("Staffchex Management") (collectively "Plaintiffs") filed the Complaint for 1. Breach of Contract; 2. Tortious Breach of the Covenant of Good Fair and Fair Dealing; 3. Unfair Business Practices in Violation of Business & Professions Code section 17200; and 4. Declaratory Relief ("Complaint") in California state court against Defendants in the action entitled *Horizon Personnel Services, Inc., et al. v. Hartford Financial Services Group, Inc., et al.*, Superior Court

of California, Orange County, Case No. 30-2021-01229234-CU-CO-CXC ("State Court Action"). A true and correct copy of the Complaint from the State Court Action is attached as Exhibit "1" hereto.

2. This case is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, as further discussed below.

3. Complete diversity exists between the parties of this action.

4. Plaintiffs allege that "Horizon Personnel Services, Inc. is a California Corporation, with its principle [sic] place of business in the City of Orange, County of Orange." (Exh. "1" hereto, Complaint, ¶ 1.) Based on Plaintiffs' representations, Horizon Personnel is a citizen of California for purposes of 28 U.S.C. § 1332.

5. Plaintiffs allege that "Staffchex, Inc. is a California Corporation, with its principle [sic] place of business in the City of Orange, County of Orange." (Exh. "1" hereto, Complaint, ¶ 2.) Based on Plaintiffs' representations, Staffchex is a citizen of California for purposes of 28 U.S.C. § 1332.

6. Plaintiffs allege that "Stay Safe Services, Inc. is a California Corporation, with its principle [sic] place of business in the City of Orange, County of Orange." (Exh. "1" hereto, Complaint, ¶ 3.) Based on Plaintiffs' representations, Stay Safe is a citizen of California for purposes of 28 U.S.C. § 1332.

7. Plaintiffs allege that "Staffchex Management, Inc. is a California Corporation, with its principle [sic] place of business in the City of Orange, County of Orange." (Exh. "1" hereto, Complaint, ¶ 4.) Based on Plaintiffs' representations, Staffchex Management is a citizen of California for purposes of 28 U.S.C. § 1332.

8. Hartford Financial is incorporated in Delaware. (Exh. "2" hereto, Delaware Secretary of State Printout.) Hartford Financial is a citizen of Delaware for purposes of 28 U.S.C. § 1332.

9. Hartford Fire is incorporated in Connecticut with its principal place of business in Hartford, Connecticut. (Exh. "1" hereto, Complaint, ¶ 7.) Hartford Fire is a citizen of Connecticut for purposes of 28 U.S.C. § 1332.

10. Hartford Underwriters is incorporated in Connecticut with its principal place of business in Hartford, Connecticut. (Exh. "1" hereto, Complaint, ¶ 8.) Hartford Underwriters is a citizen of Connecticut for purposes of 28 U.S.C. § 1332.

11. Sentinel is incorporated in Connecticut with its principal place of business in Hartford, Connecticut. (Exh. "1" hereto, Complaint, ¶ 9.) Sentinel is a citizen of Connecticut for purposes of 28 U.S.C. § 1332.

12. Hartford Accident is incorporated in Connecticut with its principal place of business in Hartford, Connecticut. (Exh. "1" hereto, Complaint, ¶ 10.) Hartford Accident is a citizen of Connecticut for purposes of 28 U.S.C. § 1332.

13. Property/Casualty is incorporated in Connecticut with its principal place of business in Hartford, Connecticut. (Exh. "1" hereto, Complaint, ¶ 11.) Property/Casualty is a citizen of Connecticut for purposes of 28 U.S.C. § 1332.

14. Hartford Midwest is incorporated in Indiana with its principal place of business in Hartford, Connecticut. (Exh. "1" hereto, Complaint, ¶ 12.) Hartford Midwest is a citizen of Indiana for purposes of 28 U.S.C. § 1332.

15. Defendants' domicile and location of incorporation were so at the time of the incidents alleged in the Complaint, at the time of commencement of the State Court Action, and as of the date of this Notice of Removal.

16. Removal is proper as the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a), 1441(a).

17. The Complaint alleges in part that Defendants breached policies and side agreements by "[s]eeking funds significantly in excess of the amount reasonably needed to insure for the payment of [Plaintiffs'] obligations" and "[c]harging excessive fees." (Exh. "1" hereto, Complaint, ¶ 29.) Plaintiffs further allege they were "forced to pay higher premiums on its claims." (Exh. "1" hereto, Complaint, ¶ 32.) The

Complaint continues that Defendants "engaged in systematic mishandling, overpayments, and demand of excess fees which adversely affected the amount paid by [Plaintiffs] in losses and premiums to" Defendants and caused Plaintiffs "to pay higher premiums on its claims." (Exh. "1" hereto, Complaint, ¶¶ 35, 44.) Through these allegations, Plaintiffs put the policy premiums at issue in this action.

18. The premiums to the policies attached to the Complaint total **$26,027,191** as follows:

- Exhibit A – $239,030 for Sentinel policy to Staffchex (Complaint, p. 46);
- Exhibit B – $4,464,488 for Sentinel policy to Stay Safe (Complaint, p. 127);
- Exhibit C – $214,215 for Sentinel policy to Staffchex Management (Complaint, p. 193);
- Exhibit D – $2,274,007 for Property/Casualty policy to Horizon Personnel (Complaint, p. 271);
- Exhibit E – $4,229,329 for Sentinel policy to Horizon Personnel (Complaint, p. 337);
- Exhibit F – $4,383,979 for Sentinel policy to Horizon Personnel (Complaint, p. 396);
- Exhibit G – $149,461 for Hartford Accident policy to Staffchex (Complaint, p. 461);
- Exhibit H – $438,896 for Hartford Underwriters policy to Staffchex (Complaint, p. 536);
- Exhibit I – $2,891 for Property/Casualty policy to Staffchex Management (Complaint, p. 617);
- Exhibit J – $5,371 for Hartford Underwriters policy to Staffchex Management (Complaint, p. 704);

///

5
DEFENDANTS' NOTICE OF REMOVAL OF ACTION

- Exhibit K – $8,916 for Sentinel policy to Staffchex Management (Complaint, p. 789);
- Exhibit L – $424,828 for Sentinel policy to Staffchex (Complaint, p. 868);
- Exhibit M – $968,739 for Hartford Midwest policy to Stay Safe (Complaint, p. 950);
- Exhibit N – $3,815,693 for Sentinel policy to Stay Safe (Complaint, p. 1007); and
- Exhibit O – $4,407,348 for Hartford Underwriters policy to Stay Safe (Complaint, p. 1075).

19. Plaintiffs further seek "restitution of all money lost due to" Defendants' conduct. (Exh. "1" hereto, Complaint, ¶ 54.) Plaintiffs allege they suffered general and special damages, consultant fees, expert expenses, and attorneys' fees. (Exh. "1" hereto, Complaint, ¶¶ 43, 45.) Plaintiffs also seek punitive damages. (Exh. "1" hereto, Complaint, ¶ 46.)

20. Based on these damages claims, the amount-in-controversy drastically exceeds the jurisdictional minimum of this Court.

21. If Plaintiffs initially filed this lawsuit in federal court, this Court would have had diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

22. Removal is proper under 28 U.S.C. §§ 1441(a), (b), 1446.

23. Removal has been perfected within one year of the commencement of the State Court Action as required by 28 U.S.C. § 1446(c).

24. Pursuant to 28 U.S.C. § 1446(d), Defendants are serving all adverse parties with a copy of this Notice of Removal of Action.

25. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a copy of this Notice of Removal in the State Court Action.

26. Pursuant to 28 U.S.C. § 1446(a), Defendants attach a copy of all documents in the State Court Action served on Defendants in addition to the Complaint

1  as Exhibit "3" hereto.

2     For these reasons, Defendants respectfully request that this case be removed
3  from California state court to this Court.

4  Dated:  December 7, 2021            WILSON ELSER MOSKOWITZ EDELMAN &
                                        DICKER LLP
5

6
                                        By: /s/ Shannon L. Santos
7                                           David Simantob
                                            Paul S. White
8                                           Shannon L. Santos
9                                           *Attorneys for Defendants The Hartford*
                                            *Financial Services Group, Inc., Hartford Fire*
10                                          *Insurance Company, Hartford Underwriters*
                                            *Insurance Company, Sentinel Insurance*
11                                          *Company, Ltd., Hartford Accident &*
                                            *Indemnity Company, Property/Casualty*
12                                          *Insurance Company of Hartford, and*
13                                          *Hartford Insurance Company of the Midwest*

DEFENDANTS' NOTICE OF REMOVAL OF ACTION